EUGENIO MONTES VIERA, Petitioner and Appellant, v. MANUEL V. DOMENECH, TREASURER, ETC., ET AL., Respondents and Appellees.

No. 5891. Argued April 21, 1933.—Decided November 9, 1933.

*Diego O. Marrero* for appellant. *Charles E. Winter, Attorney General,* and *F. Janer, Deputy Attorney General,* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Montes applied for a writ of mandamus to compel the Treasurer of Puerto Rico to permit petitioner to perform the duties of his position as clerk in charge of the accounts and inspection of all gasoline imported, manufactured or sold in Puerto Rico, and to compel the Commissioner of the

Interior to transmit to the Auditor of Puerto Rico the vouchers for petitioner's salary from August 22, 1930. The district court, after a trial on the merits, dismissed the petition.

The fifth assignment of error is that the district court erred in not finding that the Treasurer had "dispossessed" petitioner and prevented him from continuing in the exercise of his duties as an employee. What the district court did find was that:

"On July 8, 1930, petitioner, Eugenio Montes Viera, in his capacity as clerk in charge of the accounting and inspection of gasoline wrote to the Treasurer of Puerto Rico, through Julián Blanco, Chief of the Excise Bureau, and stated that 'as the gasoline special fund has been transferred to the general funds,' it seemed to him that henceforth he could not continue making payments out of the said funds unless the Department of the Interior left the sum of $2,000 remaining on June 30, 1930, for the payment of his salary, since the same fund would be transferred to the Department of the Interior in the following year; and that if the difficulty could not be overcome in that way, then he made application for another position that was vacant in the Department.

"*　　*　　*　　*　　*　　*　　*

"On November 1, 1930, the Treasurer of Puerto Rico appointed petitioner to the position of clerk in the Internal Revenue Office of Ponce, P. R., at a salary of $1,000 per annum; that petitioner accepted the position, moved from San Juan to Ponce and worked in the position for four days; that he then applied for a thirty days sick leave which was granted, and at its expiration applied for a further sick leave which was refused, and he was discharged on November 10, 1930."

These facts are undisputed. Petitioner, while on the stand, attempted to explain them and insisted that his abandonment was involuntary. In this he was contradicted by at least one witness for the defense whose testimony is corroborated by the undisputed facts while that of petitioner is not. The evidence as a whole furnishes no adequate basis for a finding that the Treasurer of Puerto Rico either forced petitioner to abandon his work or prevented him from per-

690

forming his duties as inspector and clerk in charge of the gasoline accounts. On the contrary, it shows, we think, that petitioner voluntarily abandoned his duties as such clerk and inspector, requested an appointment to a certain position and finally accepted a different appointment to another position. When petitioner accepted an appointment as clerk in the Ponce Internal Revenue office he ceased to be an inspector and clerk in charge of gasoline accounts in San Juan. In any event, by his voluntary abandonment of his position and duties as inspector and clerk in charge of the gasoline accounts, he was estopped to demand that he be permitted to resume the performance of such duties and that salary vouchers covering the period of such abandonment be sent to the auditor.

In view of the foregoing conclusion we need not discuss other questions raised in the brief for appellant.

The judgment appealed from must be affirmed.